**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
Senior Judge Marcia S. Krieger

Civil Action No. 18-cv-01049-MSK

LINDA J. COX,

    Plaintiff,

v.

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

    Defendant.

## OPINION AND ORDER REVERSING AND REMANDING DISABILITY DETERMINATION

**THIS MATTER** comes before the Court on Plaintiff Linda J. Cox's ("Ms. Cox") Complaint (# **1**), filed May 4, 2018, seeking review of the Commissioner of Social Security's (the "Commissioner") final decision denying her claim for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-33. Having considered all of the documents, including the record (# **11**), the Court now finds and concludes as follows:

## JURISDICTION

The Court has jurisdiction over an appeal from a final decision of the Commissioner under 42 U.S.C. § 405(g). Ms. Cox filed an application for disability insurance benefits under the Social Security Act on January 7, 2015. On February 27, 2015, the state agency denied her claim. She requested a hearing before an Administrative Law Judge ("ALJ"), who issued an unfavorable decision dated April 18, 2017. Ms. Cox appealed to the Appeals Council, which denied her request for review, making the ALJ's determination the final decision of the Commissioner. Mr. Cox timely appealed to this Court, which reviews the ALJ's decision as the

Commissioner's final denial of benefits. *Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir. 2003).

## STATEMENT OF FACTS

The Court offers a brief summary of the facts here and elaborates as necessary in its analysis below. Ms. Cox alleges she is disabled as a result of arthritis in her left ankle and hip, damage to her left knee, flat feet, a bunion on her left foot, seasonal allergies and sciatica. (**# 11-6 at 133**). Ms. Cox was born in 1971. She was 41 years old at the alleged onset of her disability in September 2012. (**# 11-2 at 50**). The record reflects she has completed two years of college and has past relevant work experience in customer service and customer service supervision. (**#11-2 at 43-44; #11-6**). She has not engaged in substantial gainful activity since September 1, 2012 (her alleged date of onset) due to excruciating pain in her feet and ankle that prevented her from walking and generally performing her work duties. (**# 11-2 at 32; #11-6 at 133**).

As summarized by the ALJ and further detailed below, Ms. Cox's relevant medical history includes treatments for degenerative joint disease, pain, and swelling in her left ankle. (**#11-7 at 183; #11-7 at 222; # 11-11 at 574**). Indeed, the ALJ found Ms. Cox to have a severe impairment of degenerative joint disease in her left ankle and noted that "examinations show some edema." (**# 11-2 at 22**). In September 2015, Ms. Cox began treating with Dr. Jan Dunn M.D. Dr. Dunn referred Ms. Cox to physical therapy and a chiropractor for her "chronic [left] ankle pain." (**# 11-11 at 538-543**). As part of her treatment plan, Ms. Cox routinely attended water-based physical therapy, repeatedly saw a chiropractor, and received massage therapy to alleviate her pain. (**# 11-11 at 37-38, 500, 514-515**). Based on her treatment history of Ms. Cox, on October 28, 2016, Dr. Dunn opined that Ms. Cox can lift ten pounds, can sit for four hours per day and stand for up to two, and needs to elevate her foot above her heart level for fifteen minutes each hour due to swelling. (**# 11-681-82**).

At the hearing before the ALJ held on April 4, 2017, Ms. Cox briefly testified that her past work was as a customer service representative and a customer service representative supervisor. **(# 11 at 43-44)**. No follow up questions were asked, and Ms. Cox provided no further details about her past relevant work. Based on this testimony, the vocational expert found Ms. Cox's past relevant work in customer service was properly characterized as "sedentary and skilled." **(# 11 at 45)**. In response to the ALJ's hypothetical question, the vocational expert concluded that an individual with the restrictions set forth in the ALJ's RFC finding, would be able to perform customer service or customer service supervisor jobs. **(# 11 at 46)**.

## THE ALJ'S DECISION

To determine disability, the ALJ analyzed this case pursuant to the sequential five-step inquiry. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *see also Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1998) (explaining the five steps in detail). At step one, the ALJ found Ms. Cox had not engaged in substantial gainful activity since "September 1, 2012 through her date last insured of December 31, 2016." **(# 11-2 at 15)**.

At step two, the ALJ found that Ms. Cox "had the following severe impairments: degenerative joint disease, left ankle; obesity." **(11-2 at 15)**. At step three, the ALJ found Ms. Cox did not have any impairment or combination of impairments that met or equaled the severity of a listed impairment. **(# 11-2 at 19)**. The ALJ then assessed Ms. Cox's Residual Functional Capacity ("RFC") and found that Ms. Cox had the RFC to perform sedentary work with the limitation that she should never "use foot or leg controls with the left lower extremity." **(# 11-2 at 19-20)**. In crafting Ms. Cox's RFC, the ALJ gave "minimal weight" to Dr. Dunn's opinion. **(# 11-2 at 22)**. At step four, the ALJ determined Ms. Cox was capable of performing her past

3

relevant work as a customer service representative and a customer service representative supervisor. (**# 11-2 at 22-23**). The ALJ therefore found that Ms. Cox was not disabled as defined by the Social Security Act, and the ALJ's analysis ended at step four.

## ISSUES PRESENTED

Ms. Cox raises three issues on appeal: (1) Whether the ALJ improperly evaluated the opinion of Dr. Dunn, Ms. Cox's treating physician; (2) Whether the ALJ's RFC finding is supported by the evidence; and (3) Whether the ALJ improperly assessed Ms. Cox's past relevant work.

## STANDARD OF REVIEW

Judicial review of the Commissioner of Social Security's determination that a claimant is not disabled within the meaning of the Social Security Act is limited to determining whether the Commissioner applied the correct legal standard and whether the Commissioner's decision is supported by substantial evidence. *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003); *Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1497-98 (10th Cir. 1992); *Brown v. Sullivan*, 912 F.2d 1194, 1196 (10th Cir. 1990).

Substantial evidence means evidence a reasonable mind would accept as adequate to support a conclusion. *Brown*, 912 F.2d at 1196; *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). It requires more than a scintilla but less than a preponderance of the evidence. *Lax*, 489 F.3d at 1084; *Hedstrom v. Sullivan*, 783 F. Supp. 553, 556 (D. Colo. 1992). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). Although a reviewing court must meticulously examine the record, it may not weigh the evidence or substitute its discretion for that of the Commissioner. *Id.*

4

In addition, if the ALJ failed to apply the correct legal standard, the decision must be reversed, regardless of whether there was substantial evidence to support factual findings. *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

## ANALYSIS

The Court first turns to Ms. Cox's contention that the ALJ erred at step four, finding that she could perform her past relevant work in customer service without adequately developing the record regarding the requirements of that work. Ms. Cox argues this conclusion was erroneous in several ways. First, the record contains no description of Ms. Cox's job duties or the exertional requirements of her past work. Second, the ALJ never made a finding of the exertional requirements of Ms. Cox's past work. Instead, he relied on the vocational expert's conclusion that Ms. Cox could perform her past work. Ms. Cox asserts that the law requires the ALJ to determine the exertional requirements and then compare those requirements to a claimant's RFC. Thus, it was error to allow the step four determination to "take place inside the vocational expert's head." **(#15 at 2)**. The Court agrees. *See Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996).

In *Winfrey*, the Tenth Circuit explained that step four of the sequential analysis has three phases for establishing whether a claimant can return to his or her past relevant work. *Id*. at 1023. First, the ALJ must evaluate the claimant's physical and mental RFC. *Id*. Second, "the ALJ must make findings regarding the physical and mental demands of the claimant's past relevant work." *Id*. at 1024. Finally, the ALJ is required to compare the claimant's RFC to the demands of the past relevant work to determine whether the claimant can still perform such work. *Id.* at 1023, 1024–25. "At each of these phases, the ALJ must make *specific findings*." *Id*. at 1023 (emphasis added). Further, "while the ALJ may rely on information supplied by the VE

at step four, the ALJ himself must make the required findings on the record, including his own evaluation of the claimant's ability to perform his past relevant work. *Winfrey*, 92 F.3d at 1024 (noting that the "practice of delegating to a VE many of the ALJ's fact finding responsibilities at step four appears to be of increasing prevalence and is to be discouraged.").

Here, the transcript of the hearing reveals no meaningful discussion as to the mental or physical demands of Ms. Cox's past relevant work in customer service. Indeed, the record is devoid of any information detailing her specific job duties or responsibilities. For example, the Court is unclear whether Ms. Cox spent the majority of her work day sitting or whether she was on her feet assisting customers, which would be important information in evaluating the physical demands of her past jobs and in determining whether she can perform those jobs in her current physical condition. Other than Ms. Cox's statements that she left her job at Walmart because of "excruciating" foot pain, and she took the supervisory job at the AT&T call center because it was more "sedentary," there was no inquiry into Ms. Cox's ability to perform the customer service jobs or the demands of those jobs. **(# 11 at 43, 144)**.

In response, the Commissioner argues that Ms. Cox's hearing testimony along with her written job history **(# 11 at 134, 144)**, Dr. Dunn's progress notes **(# 11 at 515)**, and Ms. Cox's repeated use of the word "sedentary" to describe her past work provided sufficient factual information for the ALJ to make findings as to the demands of her past work in customer service and compare them to her RFC. However, upon the Court's careful review of the record, the documents cited by the Commissioner are not particularly helpful in providing detail as to the job duties and demands of Ms. Cox's past work in customer service. Specifically, Ms. Cox's written job history merely sets forth a list of jobs Ms. Cox has performed, the dates she performed them, and her pay rates. **(# 11 at 134)**. Ms. Cox's function report focuses on the fact

6

that her physical condition made it impossible for her to continue working at Walmart. (**# 11 at 144**). Further, the Court finds Ms. Cox's use of the word "sedentary" does not shed light on her day-to day responsibilities or the exertional demands of the jobs given her severe impairments. If necessary, the ALJ must develop the record as to the physical and mental requirements of the claimant's past work. *See Winfrey*, 92 F.3d at 1024.

Without specific discussion as to the requirements of Ms. Cox's prior jobs, the ALJ's ultimate conclusion that Ms. Cox could return to her past relevant work at step four is not supported by substantial evidence. Apparently, the ALJ made no inquiry into, and then made no findings specifying the physical demands of Ms. Cox's past relevant work in customer service, either as she actually performed the work or as it is customarily performed in the national economy. Although the decision lists several documents in support of the ALJ's conclusion, these documents are not helpful in that they set forth Ms. Cox's earnings record and list her previous job titles, but the portions asking for job descriptions and responsibilities are left blank. (**# 11-6 at 134-135**).

The ALJ simply relied on the VE's conclusion that an individual with Ms. Cox's RFC finding would be able to perform her prior customer service work. Having failed to complete phase two of step four appropriately, the ALJ was unable to make the necessary findings at phase three as to whether Ms. Cox was able to meet the demands of her past relevant work despite her physical limitations found in phase one. *See Winfrey*, 93 F.3d at 1024–25. The Court expresses no opinion as to the ultimate determination of whether Ms. Cox is able to perform her past work. However, the ALJ should have developed the evidentiary record and specifically made findings as to the exertional demands of her job duties. The failure to do so constitutes legal error and requires a remand. The Court need not reach Ms. Cox's other specific claims of error in the

ALJ's analysis, including the treatment of Dr. Dunn's opinion and the RFC determination.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **REVERSED AND REMANDED** for further proceedings consistent with this Opinion. Upon reconsideration, the Commissioner shall consider all pertinent evidence through the 2017 hearing date. Judgment shall enter in favor of Ms. Cox.

Dated this 22nd day of August, 2019.

BY THE COURT:

Marcia S. Krieger
Senior United States District Judge